UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY MANNING, an individual, | No. 2:21-cv-01387-MCE-CKD |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| JAYCO, INC., a California Corporation; FREIGHTLINER CUSTOM CHASSIS CORPORATION, a Delaware corporation; and DOES 1 through 20, inclusive, | |
| Defendants. | |

Plaintiff Tony Manning ("Plaintiff") instituted the present action, citing extensive and ongoing problems with a recreational vehicle ("RV") manufactured by Defendants Jayco, Inc. ("Jayco") and the Freightliner Custom Chassis Corporation ("Freightliner") since purchasing the vehicle in 2020. Federal jurisdiction is predicated on alleged violations of express and implied warranties under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq. Presently before the Court is Jayco's Motion to Transfer Venue under 28 U.S.C. § 1404(a).[1] ECF No. 14. As set forth below, that Motion is GRANTED.[2]

---

[1] Defendant Freightliner is not a party to Jayco's Motion.

[2] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with E.D. Local Rule 230(g).

## BACKGROUND

On or about June 30, 2020, Plaintiff, a resident of Placer County, California, purchased a new 2020 Jayco Seneca RV from a dealership in Medford, Oregon. Plaintiff alleges that the RV was sold with Jayco's 2-year bumper to hitch warranty for any defects in materials and workmanship.  Plaintiff's operative pleading, the First Amended Complaint ("FAC") alleges a litany of ongoing and recurring problems beginning as early as August 4, 2020, just over a month after purchasing the RV, which involve both mechanical as well as fit and finish issues that Defendants have been unable to successfully remediate.  FAC, ¶¶ 27-30.

The Retail Vehicle Purchase Contract attached as Exhibit A to Jayco's Notice of Lodgment in Support of Motion (ECF No. 16) confirms the June 30, 2020, purchase date as alleged in the FAC.  Attached as Exhibit B to the same Notice is a copy of the warranty registration form executed by Plaintiff on June 26, 2020, some four days before the purchase contract itself was executed.  Id.; see also Decl. of Rebecca Asplund, ECF No. 17, ¶ 3.  Immediately above Plaintiff's signature on the warranty registration is a bolded statement in which Plaintiff represented that he has "received, read and understand the Limited Warranty applicable to the product prior to purchase . . . "  Id.  The Limited Warranty contains the following provision with respect to the legal remedies available to the parties:

> LEGAL REMEDIES:  EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO AN ALLEGED BREACH OF WARRANTY OR ANY REPRESENTATIONS OF ANY NATURE, MUST BE FILED IN THE COURTS WITHIN THE STATE OF MANUFACTURE, WHICH IS INDIANA.  THIS LIMITED WARRANTY SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF INDIANA.  UNLESS PROHIBITED BY STATE LAW, ALL CLAIMS, CONTROVERSIES AND CAUSES OF ACTION ARISING OUT OF OR RELATING TO THIS LIMITED WARRANTY SHALL BE GOVERNED BY THE LAWS OF THE STATE OF INDIANA, INCLUDING ITS STATUTE OF LIMITATIONS,

///

WITHOUT GIVING EFFECT TO ANY CONFLICT OF LAW RULE THAT WOULD RESULT IN THE APPLICATION OF THE LAWS OF A DIFFERENT JURISDICTION.

Notice of Lodgment, ECF No. 16, Ex. C; p. J021, Decl of Jennifer Treadway, ECF No. 19, ¶ 2.

Based on the above forum-selection provision, Jayco asks the Court to transfer the matter from this Court to the United States District Court for the Northern District of Indiana in South Bend, Indiana.[3]

Plaintiff opposes transfer, arguing that the forum selection clause is unenforceable because it was obtained through "fraud or overreaching."  Pl.'s Opp., ECF No. 21, 2:24-25.  This is because, according to Plaintiff's counsel, only after Plaintiff purchased the RV and executed the necessary sales documents "was the warranty provided to Plaintiff containing the forum selection clause."  Id. at 3:3-4.  Thus counsel asserts that sale "had already occurred without Plaintiff being able to review the warranty information or negotiate its terms and conditions."  Counsel claims Plaintiff "would have never purchased the RV . . . [had he] been aware of the forum selection clause prior to the sale."  Id. at 3:4-6.

Counsel's assertions in this regard, which are the only suggestion in the opposition that the forum selection clause was somehow procured through fraudulent means, are supported by no corroborating evidence whatsoever.  Nor does counsel even attempt to explain how the warranty registration form was dated four days *before* the sales contract itself, a fact which directly contravenes counsel's assertion that the warranty information was provided *after* the sale had already occurred.

///
///
///
///

---

[3] Jayco's corporate offices are located in Middlebury, Indiana, which is within the Northern District of Indiana.  See FAC, ¶ 10.

**STANDARD**

Under 28 U.S.C. § 1404, a district court may "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. . . for the convenience of parties and witnesses." 28 U.S.C. § 1404(a). Ordinarily, a number of factors must be considered in determining the propriety of a transfer request under § 1404(a). As the Supreme Court has noted, however, "[t]he calculus changes… when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" Atlantic Marine Constr. Co. v. U.S. Dist. Court, 571 U.S. 49, 63 (2013), quoting Stewart Organization v. Ricoh Corp., 487 U.S. 22, 31 (1988). In that circumstance, the court found that "a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" Id. at 59-60 (quoting Stewart, supra at 33). The court reasoned that enforcing forum-selection agreements in this manner, as bargained for by the parties, "protects their legitimate expectations and furthers vital interests of the justice system." Id. at 63 (quoting Stewart, supra at 33).

"When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." Id. at 62. In order to make that showing, the party challenging enforcement of the provision must demonstrate that the agreement was "unreasonable." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).

A forum selection clause is unreasonable if "(1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power;" (2) the selected forum is so inconvenient that "the complaining party will 'for all practical purposes be deprived of its day in court;' or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought." Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 325 (9th Cir. 1996) (quoting Bremen, 407 U.S.

1 at 12-13). Absent such a showing, a forum selection clause is presumptively valid.

2 Celtic Int'l, LLC v. J.B Hunt Transport, Inc., 234 F. Supp. 3d 1034, 1038 (E.D. Cal. 2017).

3 Where a forum-selection clause is found to be valid, the plaintiff's choice of forum

4 merits no weight. Id.; Atlantic Marine, 571 U.S. at 63-64. Additionally, for the most part

5 a court evaluating a § 1401(a) motion to transfer based on a forum-selection clause

6 should not consider arguments about the parties' private interests. Atlantic Marine,

7 571 U.S. at 64.

8 Ultimately, whether to transfer an action is a decision soundly within the district

9 court's discretion. See Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir.

10 2000).

**ANALYSIS**

14 As indicated above, Plaintiff's contention that the mandatory forum-selection

15 clause here is not presumptively valid rests primarily on assertion that it was procured

16 through fraud or overreaching and was thus unreasonable under the circumstances.

17 Plaintiff bears the burden of proof in making that showing, however. M/S Bremen,

18 407 U.S. at 10. Aside from counsel's unsubstantiated allegations that Plaintiff had

19 signed the sales contract before being provided any warranty information, however,

20 absolutely no evidence to support that assertion has been provided. Plaintiff did not

21 submit a declaration. Nor did counsel make any attempt to explain why the evidence

22 that is before the Court – that the warranty registration form was signed four days before

23 the sales contract was executed—is somehow incorrect. Plaintiff's failures in this regard

24 fail to rebut the presumption that the forum-selection clause is deemed valid.

25 Plaintiff's additional argument, that enforcement of the forum-selection clause

26 would effectively deny him of his day in court if litigated, is also unpersuasive. According

27 to counsel, the RV is located in California and is "likely unable to survive a cross country

28 trip to Indiana," and all pertinent repair facilities and fact witnesses are also located in

California.  Pl.'s Opp., ECF No. 21, 3:13-15.  Plaintiff further argues that witnesses cannot be compelled to attend a trial in Indiana.  Id. at 3:16-20.  As Jayco points out, however, Plaintiff has failed to explain why the motorhome would have to be transported to Indiana if the case is transferred there.  Moreover, under Federal Rule of Civil Procedure 45, an Indiana court could issue subpoenas that would allow Plaintiff to conduct discovery of non-party witnesses in both California, Oregon, and Indiana and Plaintiff has not shown why that arrangement would be so onerous that it would destroy his ability to effectively litigate the case.  Importantly, too, Plaintiff's arguments in this respect must necessarily be viewed against the backdrop that an otherwise valid forum-selection clause renders arguments pertaining to convenience of the parties all but moot.

Finally, while Plaintiff ostensibly makes an argument that enforcement of the forum-selection clause here is fundamentally unfair and therefore runs counter to the public interest, that argument is largely premised on an argument that consent to the agreement was obtained through fraud or overreaching and/or that Plaintiff, as the objecting party, lacked notice of the forum selection clause.  Those arguments have already been addressed and rejected above.  Moreover, to the extent that Plaintiff is claiming that Indiana was chosen as a bad faith tactic to discourage pursuit of legal remedies, there is absolutely no evidence before the Court to support that contention.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED:

1. Defendants' Motion to Transfer Venue (ECF No. 14) is hereby GRANTED;
2. The case is TRANSFERRED to the United States District Court for the Northern District of Indiana; and

///

///

///

3. The Clerk of this Court is directed to close the case once that transfer has been effectuated.

IT IS SO ORDERED.

Dated: August 29, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE